UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| BERMUDA ROAD PROPERTIES, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> ECOLOGICAL STEEL SYSTEMS, INC., <br><br> Defendants. | 2:12-cv-01579-RCJ-VCF <br><br> **ORDER** <br><br> **(Motion for Extension of Time To Post Security Required on the Court's September 21, 2012, order Regarding Pre-Judgment Writ Of Attachment #18)** |

Before the court is plaintiff Bermuda Road Properties, LLC's (hereinafter "Bermuda") Motion for Extension of Time To Post Security Required on the Court's September 21, 2012, Order Regarding Pre-Judgment Writ Of Attachment. (#18). Defendant Ecological Steel Systems, Inc (hereinafter "EcoSteel") filed an Opposition (#27), and Bermuda filed a Reply (#30). The court held a hearing on December 13, 2012.

**Background**

Plaintiff Bermuda filed its complaint on September 5, 2012, seeking declaratory relief against defendant EcoSteel relating to a contract the parties entered into. (#1). Bermuda alleges that the parties executed a "Services and Purchase Agreement" (hereinafter "Agreement") on or about March 17, 2012, whereby defendant EcoSteel would service, design, purchase, supply, and erect steel required to construct a meeting facility Bermuda is constructing in Las Vegas, Nevada. *Id.* Pursuant to the Agreement, on March 21, 2012, Bermuda transferred to EcoSteel $2,152,600.00 (hereinafter "Down Payment") through a CitiBank Domestic Money Transfer, which was to be used by EcoSteel to place a

fixed price steel order through a materials agreement. (#4 Exhibit 1-B Domestic Money Transfer and Exhibit 1-A Agreement).

After transferring the Down Payment to EcoSteel, Bermuda learned that EcoSteel cannot perform under the Agreement, because it does not have a Nevada contractor's license as required by Nevada Revised Statute 624.320 and has not registered to conduct business in Nevada pursuant to NRS 80.055. (#1). Plaintiff asserts that it has sought assurance that EcoSteel has either entered into the materials agreement or that the Down Payment has been safeguarded, but that EcoSteel refused to provide such assurances. (#4-1 Exhibit 1). Plaintiff asserts that (1) EcoSteel has been unjustly enriched by the retention of the Down Payment and (2) the Agreement is "illegal, unenforceable, null, and void." (#1). Bermuda asks for the court to declare the same and enter judgment against the defendant. (#1). On September 12, 2012, Bermuda filed an *ex parte* motion for pre-judgment writ of attachment. (#4).

Bermuda asked this court to issue a writ of pre-judgment attachment causing the property of EcoSteel "to be attached as security for the satisfaction of a likely judgment against EcoSteel and in favor of Bermuda..." (#4). On September 21, 2012, the court issued an order on the motion for pre-judgment writ of attachment (#4), holding that "[p]ursuant to NRS 31.017, the court may only issue the writ without notice to defendant in nine specified cases," and that "[p]laintiff has demonstrated that one of the circumstances exists, as plaintiff Bermuda is a resident of the State of Nevada who brought action against defendant EcoSteel, a Delaware corporation, who is not residing in this state. *See* NRS 31.017(1)." (#7). The court granted the motion for pre-judgment writ of attachment (#4) and ordered that, "pursuant to NRS 31.030, plaintiff Bermuda must file a written undertaking payable in lawful money of the United States in the sum of $2,152,600.00 before the clerk issues this Writ." *Id.* The order also stated that "the writ of attachment together with all moving papers must be personally served upon defendant EcoSteel, Joss Hudson, President of EcoSteel, and First Union Bank of Delaware, no later than October 5, 2012." *Id.*

EcoSteel filed an opposition to the motion for pre-judgment writ on September 21, 2012 (#8), asserting that Bermuda does not meet the requirements to obtain a pre-judgment writ and that Bermuda will not prevail at trial. (#8). On October 3, 2012, EcoSteel filed an answer to the complaint and a counterclaim against Bermuda. (#12). Bermuda filed a motion for summary judgment on October 5, 2012 (#15), and a motion to dismiss the counterclaim on October 24, 2012 (#16). On November 2, 2012, Bermuda filed the instant motion to extend time to post the security bond. (#18). On November 6, 2012, EcoSteel filed a motion to stay decision on the motion (#18) until it is fully briefed. (#19). EcoSteel filed an opposition to the motion to stay on November 7, 2012. (#20).

On November 13, 2012, the court issued a minute order granting EcoSteel's motion (#19), providing EcoSteel until November 22, 2012, to file an opposition to the motion to extend time (#18), and Bermuda until December 6, 2012 to file a reply, and scheduling a hearing. (#23). EcoSteel filed its opposition on November 20, 2012 (#27), and Bermuda filed its reply on December 6, 2012 (#30). The court held a hearing on December 13, 2012.

**Arguments**

Bermuda states that since the court's order gave an October 5, 2012, deadline to serve the writ, the court impliedly set the deadline to post the bond sometime prior to October 5, 2012. (#18). Bermuda asserts that due to circumstances beyond its control and to the fact that the surety required extensive financial information from Bermuda, its members, managers, and corporate owners, as well as information about the instant action, Bermuda was unable to make the deadline. *Id.* After diligently working, Bermuda is now in a position to post the bond with the court and have the writ issued. *Id.*

Bermuda argues that nothing in NRS 31.010 requires the security to be posted by a particular deadline and that NRS 31.030(2) only requires that "[b]efore issuing the writ of attachment the clerk shall require the filing by the plaintiff of the written undertaking." *Id.* Bermuda asserts that the

circumstances the court originally considered have not changed and that the court should permit it to post the $2,152,600.00 bond one week after the court executes any order granting the motion. *Id.*

EcoSteel opposes extending the time to post the bond for several reasons, including, but not limited to, that (1) Bermuda has not demonstrated "excusable neglect" under Local Rule 6-1(b) to extend the deadline after it had expired, (2) in light of the hearing and EcoSteel's opposition (#27), the application for writ is *with notice*, and Bermuda does not meet the requirements under NRS 31.013, and (3) EcoSteel would be severely prejudiced if the court froze the Down Payment that rightfully belongs to EcoSteel. (#27).

**Relevant Law/Discussion**

    A.    **Extending Time To Post Bond**

Local Rule 6-1(b) provides that "[a] request made after the expiration of the specified period shall not be granted unless the moving party, attorney, or other person demonstrates that the failure to act was the result of excusable neglect." Bermuda asserts that it attempted to obtain the bond, but that it was unable to do so by October 5, 2012, because "the surety required extensive financial information..." from Bermuda and its managers, members, and corporate owners, as well as information regarding the instant action. (#18). The court finds that this does not amount to "excusable neglect" as required under LR 6-1(b). Bermuda failed to (1) inform the court that it was having difficulties obtaining the bond required by the deadline, (2) explain to the court why it waited over a month *after* the expiration of the deadline to seek an extension from the court, or (3) provide the court with any evidence that it was diligently working to obtain the bond by the deadline (neither prior to filing the motion nor after the court issued its order), even though counsel should have been aware of the bond requirement *prior* to filing the motion for writ of attachment (#4).

As the court finds that Bermuda has not demonstrated "excusable neglect," the court will not extend the deadline to post the bond required in the court's September 21, 2012, order (#7). Since

Bermuda did not post the bond by October 5, 2012, which was a condition precedent to the clerk issuing the writ of attachment, the clerk is no longer authorized to issue the writ.

### B.     Issuance of Writ *With* Notice

Bermuda asserted in its reply that, in the alternative, the court could issue the writ *with* notice (#30). Bermuda states that "EcoSteel clearly has notice of these proceedings and thus the [c]ourt could also utilize the less-stringent standards under NRS 31.013 (writs with notice) to issue the writ." *Id.*

#### 1.     Relevant Law

Pursuant to Federal Rule of Civil Procedure 64(a), "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies."  Remedies under Rule 64(a) include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies.  Fed. R. Civ. P. 64(b).  The U.S. Supreme Court has stated that "long-settled federal law provid[es] that in all cases in federal court, whether or not removed from state court, state law is incorporated to determine the availability of prejudgment remedies for the seizure of person or property to secure satisfaction of the judgment ultimately entered." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 436 n.10 (1974).

The court must look to Nevada law when determining whether to issue the writ. *Id;* Fed. R. Civ. P. 64(a) and (b).  NRS 31.010 provides that "the plaintiff at the time of issuing the summons, or at any time thereafter, may apply to the court for an order directing the clerk to issue a writ of attachment and thereby cause the property of the defendant to be attached as security for the satisfaction of any judgment that may be recovered, unless the defendant gives security to pay such judgment as provided in this chapter."  NRS 31.013 provides for the issuance of a writ of attachment *with* notice to the defendant.

2. **Discussion**

As EcoSteel is on notice and filed pleadings in opposition of issuing the writ (#8 and #29), and the court held a hearing regarding issuing the writ (#23 and #31), the court must examine whether Bermuda satisfies NRS 31.013. Pursuant NRS 31.013, "[t]he court may after notice and hearing, order the clerk to issue a writ of attachment in the following cases:

1. In an action upon a judgment or upon a contract, express or implied, for the direct payment of money: (a) If the judgment is not a lien upon or the contract is not secured by mortgage, lien or pledge upon real or personal property situated in this state; or (b) If such lien or security has, without any act of the plaintiff or the person to whom the security was given, become valueless or insufficient in value to secure the sum due the plaintiff, in which case the attachment shall issue only for the unsecured portion of the amount due the plaintiff, which is equal to the excess of the amount due the plaintiff above the value of the security.

2. In any case where the attachment of the property of the defendant is allowed pursuant to this chapter or other provision of law.

3. In any other case where the court finds that extraordinary circumstances exist which will make it improbable for the plaintiff to reach the property of the defendant by execution after the judgment has been entered."

If the Court determines, after considering "all affidavits, testimony and other evidence presented" at the hearing on the order to show cause, that plaintiff's underlying claim against the defendant is "probably valid it shall order the clerk to issue a writ of attachment." *Coombs v. Heers,* 366 F. Supp. 851, 853 (D. Nev. 1973). The court finds that Bermuda has not satisfied the requirements under NRS 31.013, and that issuing the writ is not appropriate.

. . .

. . .

**a. Action Upon A Judgment or Upon A Contract for Direct Payment**

Bermuda argues that the court could issue the writ with notice under NRS 31.013(1), as "[t]his is an action upon a contract, express or implied, and Bermuda Road's money is not otherwise secured." (#30). Bermuda takes the position that the action satisfies this requirement, as it is one where it "seeks a money judgment stemming from a dispute over a contract." *Id.* Upon a review of the complaint (#1) and the Agreement (#27-2 Exhibit 2), the court finds that this action does not fall under NRS 31.013(1).

NRS 31.013(1) requires that the action is upon a contract "for the <u>direct payment of money</u>." (emphasis added). Examples of contracts on which attachment will lie under similar statutes requiring an action "upon a contract...for the direct payment of money" are depositary bonds,[1] appeal bonds,[2] promissory notes providing for reasonable attorney's fees,[3] and the contract of an endorser or guarantor of a promissory note or bill or exchange[4]. Courts have held that when there is an action on a contract which provides that the *plaintiff* will pay the *defendant* to furnish and install equipment and *defendant* fails to fulfill "obligations to do things other than pay money," it is not an action upon a contract "for the direct payment of money" for purposes of issuing a writ of attachment. *Allen v. Merchants Elec. Co.*, 54 Cal. 2d 67, 69, 351 P.2d 799 (1960).

The Agreement here contemplated that EcoSteel would provide Bermuda with steel and erect the steel required for the Project, and that Bermuda would pay EcoSteel for those services. (#27-2 Exhibit 2). As EcoSteel's contractual obligation was not for payment of money, rather it was for services and some labor, and Bermuda alleges that EcoSteel failed to obtain the necessary license to perform under the Agreement and not that EcoSteel failed to pay money, this action is not "upon a contract...for the direct payment of money." *Allen*, 54 Cal. 2d 67, 69, 351 P.2d 799. Bermuda does not satisfy NRS 31.013(1).

---

[1] *State v. Pondera Valley State Bank*, 77 Mont. 1, 248 P. 207 (1926).
[2] *Hathaway v. Davis*, 33 Cal. 161 (1867).
[3] *Twin Falls Nat. Bank v. Reed*, 44 Idaho 573, 258 P. 526 (1927).
[4] *Armstrong v. Slick* 14 Idaho 208, 93 P. 775 (1908).

### b. Attachment Not Allowed Pursuant To This Chapter or Other Provision

Bermuda asserts that issuing the writ is also appropriate under NRS 31.017(1) or (4)-(6). (#30). A writ under NRS 31.017(1) is appropriate if the action is "by a resident of this State against a defendant not residing in this State." EcoSteel is a resident of the State, as EcoSteel qualified to do business in Nevada on October 22, 2012 (#27-3). *See* NRS 31.017(1)(stating that "foreign corporations who are doing business in this State and who have qualified to do business in this State as required in chapter 80 of NRS shall be deemed residents of this State."). Bermuda has not satisfied the requirements to issue a writ under NRS 31.017(1).

NRS 31.017(4)-(6) provide that a writ may issue if the "defendant is about to remove the defendant's money or property, or any part thereof, from this State, and the defendant's property which may remain within this State, if any, will be insufficient to satisfy plaintiff's claim," the "defendant is about to give, assign, hypothecate, pledge, dispose of or conceal the defendant's money or property or any part thereof and the defendant's money or property remaining in this State or that remaining unconcealed will be insufficient to satisfy the plaintiff's claim," or *"*[i]n an action for the recovery of money or property, or the proceeds thereof, obtained from the plaintiff by the defendant through embezzlement, forgery, larceny or extortion." Bermuda has not demonstrated to the court that EcoSteel is about to remove or dispose of Bermuda's property in any way or that EcoSteel does not have funds sufficient to satisfy its claim. The court also finds that Bermuda has not provided any support for the assertion that EcoSteel obtained the money through embezzlement, forgery, larceny or extortion, rather, the Down Payment is a non-refundable deposit agreed to under the terms of the Agreement. NRS 31.017(6); (#27-2 Exhibit 2). Bermuda has not satisfied NRS 31.017(4)-(6).

### c. Extraordinary Circumstances Do Not Exist

NRS 31.013(3) provides that the writ may issue *with* notice if "the court finds that extraordinary circumstances exist which will make it improbable for the plaintiff to reach the property of the

defendant by execution after the judgment has been entered." The court finds that, after considering the arguments made in the pleadings (#18, #27, and #30) and during the hearing, extraordinary circumstances do not exist. Issuing the writ is not appropriate under NRS 31.013(3).

Accordingly and for good cause shown,

IT IS ORDERED that plaintiff Bermuda Road Properties, LLC's *Ex Parte* Motion to Extend Time to Post the Security Required by the Court's September 21, 2012, Order (#18) is DENIED.

IT IS FURTHER ORDERED that Bermuda Road Properties, LLC's request to issue the writ of attachment *with* notice under NRS 31.013 is DENIED.

DATED this 19th day of December, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE