# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| BERMUDA ROAD PROPERTIES, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> ECOLOGICAL STEEL SYSTEMS, INC., <br><br> Defendant. | Case No. 2:12–cv–1579–JAD–VCF <br><br> **ORDER** |

Before the court is Bermuda Road Properties' unopposed motion to extend the dispositive motions deadline (#82). For the reasons stated below, Bermuda Road Properties' motion is granted.

## LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) governs the modification of discovery plans and scheduling orders. Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000). Scheduling orders exist primarily to protect the court's docket and trial calendar. *See* FED. R. CIV. P. 16, Advisory Comm. Notes (1937 Adoption) ("stating that scheduling orders "reliev[e] the congested condition of trial calendars"); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 ("Disregard of the [scheduling] order would undermine the court's ability to control its docket. . ."); *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) (stating that the purpose of Rule 16 is "to encourage forceful judicial management"); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citing *In the Matter of the Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984) ("[T]he purpose of Rule 16 is to

insure early judicial intervention in the process of trial preparation and proper conduct of that entire process.").

Local Rule 26-4 supplements Federal Rule 16 and provides that discovery plans and scheduling orders may be modified for good cause, provided that a motion to extend is made "no later than twenty-one (21) days before the expiration of the subject deadline." LR 26-4. Additionally, a motion to extend the discovery deadline must include: (1) a statement specifying the discovery completed; (2) a specific description of the discovery that remains to be completed; (3) the reasons why the deadline was not satisfied or the remaining discovery not completed within the time set by the discovery plan; and (4) a proposed schedule for completing all remaining discovery." If the moving party fails to comply with Rule 26-4's twenty-one day deadline, then the movant must demonstrate that "the failure to [file a timely motion] was the result of excusable neglect." LR 26–4. The Court has broad discretion in supervising the pretrial phase of litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

**DISCUSSION**

Bermuda Road moves to extend the dispositive motions deadline from May 1, 2014 to August 4, 2014. Bermuda Road argues that an extension is proper under Rule 16(b) and Local Rule 26-4 because intervening events made it impossible for Bermuda Road to meet the dispositive motions deadline. (*See* Pl.'s Mot. to Extend (#82) at 4:21). Specifically, the Nevada Supreme Court rendered a decision, which caused Judge Dorsey to reverse one of Judge Jones's previous decisions. (*See id.* at 5:6). Anticipating this possibility, Judge Dorsey previously stated that Bermuda Road may seek "to re-urge its arguments in light of this new development and these new rulings." (*Id.* at 4:14–15) (citing Mins. Proceedings #80).

These circumstances warrant an extension as a matter of law because there is good cause to extend the deadline and Bermuda Road's failure to comply with the deadline is not attributable to

2

negligence. *See Greenawalt v. Sun City W. Fire Dist.*, 250 F. Supp. 2d 1200, 1207 (D. Ariz. 2003) ("Because of the interruption in the original scheduling of the litigation caused by the Ninth Circuit appeal and the remand, the Court finds good cause for allowing Defendant's additional summary judgment motions."); *Lemonge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009) ("Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence.").

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Bermuda Road Properties' unopposed motion to extend the dispositive motions deadline (#82) is GRANTED.

IT IS FURTHER ORDERED that the dispositive motions deadline is extended from May 1, 2014 to August 4, 2014.

IT IS SO ORDERED.

DATED this 29th day of July, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE