UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Bermuda Road Properties, LLC, a Nevada limited liability company, | 2:12-cv-01579-JAD-VCF |
|---|---|
| Plaintiff | **Order Granting Leave to Amend [#107], Vacating the Scheduling Order [#108], and Ordering the Parties to Show Cause Why Case 2:15-cv-783-MMD-VCF Should Not Be Dismissed** |
| v. | |
| Ecological Steel Systems, Inc., a Delaware corporation, dba Ecosteel, | |
| Defendant | |

This is a dispute over who should keep the $2.1 million down payment that Bermuda Road Properties, LLC made to Ecological Steel Systems, Inc. (Ecosteel), the steel contractor that Bermuda hired to provide design, engineering, fabrication, and steel erection services on a meeting facility. Bermuda terminated Ecosteel's contract in the early stages of its performance because it learned that the contractor was not licensed to work in Nevada. After a series of dispositive rulings, the claims have been distilled to a competing unjust enrichment and quantum meruit claims—one per side.[1] Bermuda claims that documents it received from Ecosteel after the amendment deadline passed reveal that Bermuda's architect D3 Design Studios,[2] who recommended Bermuda hire Ecosteel and failed to mention the contractor's unlicensed status, received a secret kickback from Ecosteel for helping it secure the job.[3]

Bermuda filed a protective action before United States District Court Judge Miranda Du to toll the statutes on its newly proposed claims.[4] It now moves for leave to amend its complaint to bring in D3 and supplement its claims against Ecosteel in this case. I find good cause and excusable

---

[1] *See* Doc. 81 at 49, l. 1–9.

[2] D3DS CSD LLC dba D3 Design Studios. *See* Doc. 107-1 at 3.

[3] Docs. 107, 108.

[4] Case No. 2:15-cv-783-MMD-VCF.

neglect to permit the belated amendment with limited exceptions, so I grant the motion. Because the amendment significantly alters the landscape of this case, I grant the motion to amend the scheduling order, vacate the existing scheduling order, and direct the parties to jointly submit a new proposed discovery plan and scheduling order. And because permitting Bermuda to amend its complaint to add these new claims to this case makes the protective action duplicative, I order the parties to show cause why the case before Judge Du should not be dismissed.

## Discussion

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "[t]he court should freely give leave when justice so requires. The Ninth Circuit Court of Appeals has repeatedly cautioned courts in this circuit to "liberally allow a party to amend its pleading."[5] "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'"[6]

When leave to amend is sought after the amendment deadline in the court's scheduling order has expired, the movant must also show good cause to reopen the amendment period and excusable neglect for the delay.[7] In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*,[8] the United States Supreme Court established a four-part balancing test for determining whether there has been excusable neglect. The court considers: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4)

---

[5] *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

[6] *Id.* at 1117 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[7] *See* Fed. R. Civ. P. 6(b)(1)(B) (stating "the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect.").

[8] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

whether the moving party's conduct was in good faith.[9] The weight assigned to these factors is left to the court's discretion.[10] Bermuda has satisfied each of these burdens.

### A. Bermuda has demonstrated the good cause and excusable neglect necessary to reopen the amendment period under the scheduling order.

The deadline for amending the pleadings was December 31, 2012.[11] Bermuda represents that Ecosteel produced the documents in which it discovered this secret kickback deal on March 19, 2013—three months after that deadline passed.[12] Because Bermuda was not yet aware of this basis for new claims until after the amendment deadline passed, Bermuda could not have filed a timely motion to enlarge the deadline before it expired. I find that Bermuda has satisfied the *Pioneer* factors and demonstrated the good cause and excusable neglect necessary to reopen the amendment period for this purpose.

I thus grant the motion to amend the scheduling order (Doc. 108) to allow Bermuda to request leave to amend its complaint. Because I am granting leave to amend as well, I am also granting the motion to amend the scheduling order to reopen discovery and other deadlines in part. Bermuda asks the court to simply reset all deadlines in the scheduling order and give the parties 90 days to complete discovery. I prefer to give the parties the opportunity to work out a mutually desirable schedule. Accordingly, the current scheduling order (Doc. 32) is vacated. The parties are directed to meet and confer in good faith to work out a new schedule for discovery and other deadlines. They must file a joint motion for approval of the amended discovery plan and scheduling order (with the proposed amended scheduling order attached) by August 31, 2015, or show good cause why they could not do so.

### B. Leave to amend is warranted.

Bermuda has also demonstrated that it should be permitted to amend its complaint to plead

---

[9] *Id.*

[10] *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

[11] Doc. 32 at 1.

[12] Doc. 108 at 3.

claims arising from this alleged secret kickback agreement. This is Bermuda's first request to add these claims; it has no track record of attempting in vain to cure deficiencies.[13] I also do not find that the timing of Bermuda's motion to amend shows undue delay, bad faith, or dilatory motive on Bermuda's part. Bermuda offers a reasonable explanation for ignoring the documents for two years. In April 2013, two weeks after Bermuda received those documents, the court entered summary judgment on all of Bermuda's claims; Ecosteel quickly filed a notice of dismissal of its counterclaim.[14] Despite a flurry of motions, the case was presumptively over until April 2014, when the summary-judgment order was reversed and Ecosteel's notice of voluntary dismissal was stricken.[15] Although those rulings revived the parties' competing equitable claims, Bermuda then moved for summary judgment on them.[16] That motion was denied in February 2015.[17] Two months later, Bermuda moved to amend its complaint and reopen the scheduling order.[18]

I also do not find that Ecosteel would be unduly prejudiced by permitting amendment. The burden to show prejudice rests with Ecosteel,[19] and Ecosteel has not met this burden. Ecosteel suggests that the case is simply too old and too near trial to "send it right back to square one."[20] But

---

[13] Ecosteel tangentially notes that Bermuda filed a motion to amend its complaint on April 12, 2013, and made no mention of this kickback theory then. Doc. 109 at 14. But that motion was filed just three weeks after Ecosteel produced the alleged smoking gun in a 12,000+ "document dump." Doc. 108 at 3. That proposed amended complaint was not intended to address this theory, so it is not part of any repeated failure to cure deficiencies by amendment that might otherwise merit denial of leave to amend.

[14] Docs. 39, 41.

[15] Docs. 80, 81.

[16] Doc. 83.

[17] Doc. 101.

[18] Docs. 107, 108.

[19] See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

[20] Doc. 109 at 8.

the passage of time is not reason enough to preclude amendment.[21] And Bermuda has sufficiently demonstrated that the delay was not the result of bad faith but rather the natural consequence of the unusual course of this litigation.

Ecosteel's futility arguments are unpersuasive. It contends that evidence produced in this litigation disproves Bermuda's theory.[22] But futility is not determined from an analysis of the evidence, it's based on the sufficiency of the allegations. "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."[23] Ecosteel has not shown that Bermuda has failed to state plausible claims, just that it expects Bermuda cannot ultimately prove them. Whether Bermuda can ultimately prove its claims is a question for another day and another motion.

The motion for leave to amend is granted.[24] Bermuda must file its First Amended Complaint in the format proposed at Document 107-1 by August 10, 2015, and promptly serve it.

### C. The parties must show cause why the protective action should not be dismissed.

Finally, because the inclusion of these kickback-scheme claims in this action renders Bermuda's protective action before Judge Du in 2:15-cv-783-MDD-VCF duplicative, Bermuda has until August 10, 2015, to show cause why that case should not be dismissed. Ecosteel will then have until August 17, 2015, to file any response to that brief. No reply brief will be permitted. Bermuda's response to this show-cause order and any responsive brief from Ecosteel should be filed both in this action **and** in the protective action.

---

[21] *See, e.g., Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) ("Ordinarily, leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party.").

[22] Doc. 109 at 10–12.

[23] *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citing 3 J. Moore, Moore's Federal Practice ¶ 15.08[4] (2d ed. 1974) and noting that the "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)").

[24] Doc. 107.

## Conclusion

Accordingly, and with good cause appearing, IT IS HEREBY ORDERED that Bermuda Road Properties, LLC's Motion for Leave to Amend Complaint **[Doc. 107] is GRANTED. Bermuda Road must file its First Amended Complaint in the format attached as Document 107-1 by August 10, 2015.**

IT IS FURTHER ORDERED that Bermuda's Motion to Amend Scheduling Order **[Doc. 108] is GRANTED in part.** The current scheduling order **[Doc. 32] is vacated.** The parties must meet and confer in good faith to work out a new schedule for discovery and other deadlines and file a joint motion for approval of amended discovery plan and scheduling order (with the proposed amended scheduling order attached) by August 31, 2015, or show good cause why they could not do so.

Finally, Bermuda has until August 10, 2015, to show cause why 2:15-cv-783-MDD-VCF should not be dismissed. Ecosteel will then have until August 17, 2015, to file any response to Bermuda's brief. No reply brief will be permitted. Bermuda's response to this show-cause order and any responsive brief from Ecosteel must be filed both in this action **and** in the protective action.

Dated this 30th day of July, 2015.

_____
Jennifer A. Dorsey
United States District Judge