UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BERMUDA ROAD PROPERTIES, LLC, )
)
          Plaintiff, )    Case No. 2:12-cv-01579-JAD-GWF
)
vs. )    **ORDER**
)
ECOLOGICAL STEEL SYSTEMS, INC., *et al.*, )
)
          Defendants. )
)

       This matter is before the Court on Plaintiff's Motion to Compel Production of Documents (#142), filed on October 21, 2015. Defendant, Ecological Steel Systems, Inc. (hereinafter "EcoSteel"), filed its Opposition (#150) on November 6, 2015. Plaintiff filed its Reply (#155) on November 17, 2015. The Court conducted a hearing on this matter on November 23, 2015.

       Plaintiff represents that EcoSteel has continually failed to produce its bank records in compliance with Plaintiff's first and second set of production of documents. *Motion to Compel* (#142). Plaintiff asserts that a review of EcoSteel's bank records will corroborate Plaintiff's allegation that D3 Design Studios (hereinafter "D3") and EcoSteel entered into a kickback/bribe agreement wherein D3 would ensure that EcoSteel received the subject contract with Plaintiff. *Id.* Plaintiff further asserts that a review of EcoSteel's bank records would reveal that its principals, Joss Hudson and Diana Hudson (hereinafter "the Hudsons"), misappropriated funds in order to fund a lavish lifestyle. *Id.* EcoSteel represents that D3 played no role in influencing Plaintiff's decision to hire EcoSteel. *Opposition* (#150). EcoSteel further asserts that Plaintiff is not entitled to know what EcoSteel did with the deposit it received from Plaintiff. *Id.*

       At the November 23, 2015 hearing, the Court ordered EcoSteel to provide the Court with EcoSteel's bank records from March 1, 2012 through December 31, 2012 for an *in camera* review.

EcoSteel's counsel was to highlight any and all payments made by EcoSteel to D3. The Court would then review the documents for any transfers from EcoSteel to D3. Also addressed at the hearing was Plaintiff's request that the bank records be reviewed for any transactions made to EcoSteel's principals (the Hudsons) and other third party individuals or entities that may have aided EcoSteel in misappropriating the funds. However, the Court did not entertain that request as those individuals were not yet part of the litigation.

Thereafter, the District Court granted Plaintiff's Motion to Amend Complaint (#152) on December 9, 2015. *Minute Order* (#167). Plaintiff then filed its Second Amended Complaint (#169) on December 10, 2015, which added the Hudsons as well as numerous entities believed to be under the Hudsons' control. The Second Amended Complaint alleges that the Hudsons and numerous other entities they control are the alter egos of Defendant. *Second Amended Complaint* (#169). Plaintiff now requests that the Court review the bank records for any evidence that: (1) EcoSteel transferred the $2.1 million deposit to the personal accounts of the Hudsons; (2) EcoSteel transferred the $2.1 million deposit to any account not owned or controlled by EcoSteel; (3) Ecosteel used the $2.1 million deposit on anything other than expenses directly related to the subject contract; and (4) EcoSteel commingled its funds with those of its alter egos, namely, the Hudsons.

The Court has reviewed the documents submitted for *in camera* review and finds that it can only identify one (1) record of a transfer from EcoSteel to D3. The Court also finds that it is unable to make any determination as to which transactions relate to funds that were or were not used in relation to the subject contract and which transfers were to the Hudsons' or their entities' accounts. Based on the new allegations contained in Plaintiff's Second Amended Complaint (#169) claiming that the Hudsons and the entities under their control are EcoSteel's alter egos, it appears appropriate that the records submitted to the Court for *in camera* review be produced to Plaintiff in their entirety. However, the Court wants to afford Defendants the opportunity to object and be heard before an order producing the bank records to Plaintiff is entered. Accordingly,

. . .

. . .

. . .

**IT IS HEREBY ORDERED** that Defendants shall have until **January 8, 2016** to further respond to Plaintiff's Motion to Compel Production of Documents (#142) as it relates to the production of EcoSteel's bank records that have been submitted to the Court for *in camera* review. The Court will retain the *in camera* documents pending further briefing. If Defendants do not respond, the Court will order production of the documents to Plaintiff.

DATED this 23rd day of December, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge