**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BERMUDA ROAD PROPERTIES, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ECOLOGICAL STEEL SYSTEMS, INC., *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:12-cv-01579-JAD-GWF <br><br> **ORDER** |

This matter is before the Court on Plaintiff Bermuda Road Properties, LLC's (hereinafter "Bermuda") Application for Attorneys' Fees Incurred in Bringing Motion to Compel (#177), filed December 18, 2015. To date, Defendant Ecological Steel Systems, Inc. (hereinafter "EcoSteel") has not filed a response and the time for opposition has now expired.

## BACKGROUND

This case arises from a breach of contract dispute where Bermuda alleges that EcoSteel has been unjustly enriched due to EcoSteel's retention of a $2.1 million dollar down payment made by Bermuda in compliance with an allegedly void contract.[1] On October 21, 2015, Bermuda filed a Motion to Compel EcoSteel to respond to Bermuda's Second Set of Requests for Production and provide supplemental responses to Bermuda's First Set of Combined Discovery to EcoSteel. *See Motion to Compel* (#142). EcoSteel responded to Bermuda's Motion to Compel on November 6, 2015 asserting that EcoSteel's counsel was unable to provide responses to Bermuda's Second Set of Requests for Production due to counsel's pending Motion to Withdraw (#146) and the fact that EcoSteel would be filing an imminent bankruptcy. *Response* (#150). Ecosteel further asserted that it felt supplemental responses to Bermuda's First Set of Combined Discovery were not warranted at

---

[1] Plaintiff's first claim for relief seeks declaratory relief against EcoSteel declaring that the EcoSteel contract is void. *Second Amended Complaint* (#169).

that time. Bermuda concurrently filed a Motion for Sanctions against EcoSteel for its alleged misrepresentations and attempts to delay discovery. *See Motion for Sanctions* (#143). The Court conducted a hearing in this matter on November 23, 2015, wherein the Court granted Bermuda's Motion for Sanctions and awarded Bermuda reasonable attorneys' fees and costs incurred in bringing the Motion to Compel. *See Transcript* (#162), 71:1-8. Bermuda filed this Application for Attorney's fees, requesting reimbursement of fees and costs in the amount of $20,308.47 related to the Motion to Compel.

## **DISCUSSION**

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Bermuda requests a total of $20,308.47 in fees and costs associated with bringing the Motion to Compel (#142). Bermuda itemized their requested fees and costs as follows: (1) $19,691 in attorneys' fees and (2) $617.47 in costs. Bermuda requests reimbursement of attorneys' fees at an hourly rate of $225.00 for Ryan N. Saxe, Esq., $265.00 for Colby L. Balkenbush, Esq. and Jonathan J. Winn, Esq., and $450.00 for Alan J. Lefebvre, Esq. After reviewing Bermuda's Application and

the affidavit of Colby Balkenbush, the Court finds that Bermuda has offered sufficient evidence that the hourly rates of $265.00 and $450.00 are reasonable.

      Bermuda's counsel states that the attorneys working on the matter "expended a total of 70.5 hours in bringing the Motion to Compel, preparing the Reply to EcoSteel's Opposition, and preparing for and giving oral argument." *Application* (#177), 3:7-8.  Bermuda's counsel claims that a significant amount of time was spent on the Motion to Compel because the scope of the arguments were necessarily broad due to EcoSteel's refusal to respond to any of Bermuda's Second Set of Requests for Production and allegedly improper objections to many of Bermuda's requests in its First Set of Combined Discovery.  Bermuda's counsel also asserts that a significant amount of time was spent responding to EcoSteel's 20 page Opposition (#150) to Bermuda's Motion to Compel.  In addition to drafting its Reply (#155), Bermuda had to conduct a significant amount of legal research to rebut EcoSteel's arguments.  However, the Court is not persuaded that this work justifies 70.5 hours of attorney labor.  The Court recognizes that Bermuda's counsel would have spent a reasonable amount of time on these matters, but based on its review of the application for attorney fees, the affidavit of Mr. Balkenbush, and the billing records,[2] the Court finds that Bermuda's calculation of 70.5 hours of attorney labor is excessive.  The Court finds that the work involved in preparing the Motion to Compel, the Reply to EcoSteel's Opposition, and preparation for the oral argument should reasonably take around 36 hours of attorney labor.  As a result, the Court will award Bermuda reasonable attorneys' fees associated with bringing the Motion to Compel in the amount of $8,745 (33hrs x $265.00 ) and $1,350 (3hrs x $450.00) for a total of $10,095.

      Bermuda also requests reimbursement in the amount of $617.47 in costs incurred for computerized legal research.  Bermuda's counsel asserts that Bermuda incurred $1,852.40 in computerized legal research through utilizing the Westlaw service.  However, counsel estimates that only one-third of those costs ($617.47) are attributable to Bermuda's Motion to Compel and the Reply to EcoSteel's Opposition.  The Court finds that Bermuda's request is reasonable and will

---

[2] On January 5, 2016, the Court ordered Bermuda to file, under seal, a copy of its itemized billing records with regard to its Motion to Compel Production of Documents (#142). Bermuda filed the billing records on January 6, 2016.  (#195).

therefore award Bermuda a total of $617.47 in costs.

Thus, based on the reasonable hourly rate discussed above, the Court will award attorneys' fees in the amount of $10,095 and costs in the amount of $617.47 for a total of $10,712.47. The relevant factors are subsumed in this calculation of the reasonable attorneys' fees and costs, and there are no other exception circumstances which warrant enhancement or reduction of the fees. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ecological Steel Systems, Inc. is ordered to pay Plaintiff Bermuda Road Properties, LLC the sum total of $10,712.47. Defendant is further ordered to make the payment to Plaintiff by **February 18, 2016.**

DATED this 19th day of January, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge