1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7
BERMUDA ROAD PROPERTIES, LLC,       )
                                                                )
8                          Plaintiff,                           )       Case No. 2:12-cv-01579-JAD-GWF
                                                                )
9       vs.                                                    )       **ORDER**
                                                                )
10      ECOLOGICAL STEEL SYSTEMS, INC., *et al.*,      )
                                                                )
11                                                              )
                           Defendants.                          )
12  _____)

13          This matter is before the Court on Defendants' Motion to Amend Scheduling Order to Stay

14      Discovery and All Pre-Trial Dates Pending Court's Ruling on Motion to Dismiss Second Amended

15      Complaint for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure

16      12(b)(1) (#208), filed on January 28, 2016.  Plaintiff filed its Opposition (#218) on February 8,

17      2016.  Also before the Court is Plaintiff's Motion to Amend Scheduling Order (#211), filed on

18      January 29, 2016.  Defendants filed their Opposition (#220) to this motion on February 9, 2016.

19      The Court conducted a hearing on these motions on February 10, 2016.

20                                 **BACKGROUND AND DISCUSSION**

21          Plaintiff filed its complaint against Defendant Ecological Steel Systems, Inc. ("EcoSteel") on

22      September 5, 2012 in which it alleged that its contract with EcoSteel was null and void because

23      EcoSteel did not have the required Nevada contractor's license.  As part of its claim, Plaintiff sought

24      to recover the $2.1 million down payment it paid to EcoSteel.  *Complaint (#1).*  Federal subject

25      matter jurisdiction in this case is predicated on diversity of citizenship.  Plaintiff alleged in its

26      original complaint that it was a Nevada limited liability company with its principal place of business

27      in Nevada, and that Defendant EcoSteel was a Delaware corporation whose principal place of

28      business was in Utah.  *Id.*, ¶¶ 1-2.  In its first amended complaint filed on August 10, 2015, Plaintiff

added an additional defendant, D3DS CSD, LLC, a Nevada limited liability company, and alleged

additional causes of action against EcoSteel.  Plaintiff now alleged that it is a limited liability

company formed in Delaware, that its ultimate sole member is a California nonprofit corporation,

and that Plaintiff is a California citizen for purposes of diversity.  *First Amended Complaint (#118)*,

¶ 1.  Plaintiff again alleged that Defendant EcoSteel is a Delaware corporation whose principal place

of business is in Utah.  *Id.*, ¶ 2.  In its answers to the complaint and first amended complaint,

EcoSteel admitted that it was a Delaware corporation whose principal place of business was in Utah.

*Answer to Complaint (#12)*, ¶ 2; *Answer to First Amended Complaint (#134)*, ¶ 2.

On December 10, 2015, Plaintiff filed a second amended complaint in which it joined

EcoSteel's owners, Joseph R. Hudson and Diana L. Hudson ("the Hudsons"), and other alleged

entities owned or controlled by the Hudsons as the alter egos of EcoSteel.  *Second Amended

Complaint (#169).*  Plaintiff alleges the Hudsons are citizens of Utah or Delaware and that the other

entities joined as Defendants are citizens of Utah or Delaware for purposes of diversity.  Defendants

filed a motion to dismiss the second amended complaint based on lack of subject matter jurisdiction.

Defendants allege that the Hudsons moved from Utah to California in July, 2012 and have been

residents and citizens of California since that time.  Notwithstanding EcoSteel's previous

admissions that its principal place of business is in Utah, Defendants now allege that EcoSteel's

principal place of business has been in California since July, 2012 when the Hudsons moved to that

state.  *Motion to Dismiss (#201).*  Plaintiff disputes whether EcoSteel or the Hudson Defendants

became citizens of California prior to the filing of the original complaint on September 5, 2012 or at

any time since that date.  Plaintiff argues that even if the Hudsons and the other alleged alter ego

entities are now California citizens, subject matter jurisdiction is determined as of the filing date of

the original complaint.  Plaintiff also alleges that the district court may assert ancillary jurisdiction

over the non-diverse defendants who are joined under a claim for fraudulent transfer of assets or

alter ego theories.  *Opposition to Motion to Dismiss (#215).*  The District Court has scheduled a

hearing on the motion to dismiss for April 25, 2016.  Defendants request that the Court stay

discovery pending a decision on that motion.  Defendants concede, however, that limited discovery

relating to the issue of the Defendants' domicile/citizenship is appropriate.  Plaintiff opposes any

stay of discovery.

In *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989), the court stated that "a pending motion to dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery." The court noted, however, that a discovery stay may be appropriate when jurisdiction, venue or immunity are preliminary issues. In *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555 (D.Nev. 1997), the defendant moved to dismiss the complaint for failure to state a claim upon which relief can be granted, and sought a stay of discovery pending a decision on the motion. The court stated that a party seeking a stay of discovery carries a heavy burden of making a strong showing why discovery should be stayed. *Id.*, at 556, citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). It further stated that discovery should be stayed only if the court is convinced that plaintiff will be unable to state a claim for relief. *Id.*, at 555, citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). *Tradebay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 602 (D.Nev. 2011) further states that the pending motion must be potentially dispositive of the entire case or at least dispositive on the issue on which discovery is sought. The pending motion must also be one that can be decided without additional discovery. In deciding whether discovery should be stayed, the court should take a "preliminary peek" at the underlying motion. This preliminary peek is not intended to prejudge the motion's outcome, but only to determine whether a stay of discovery is warranted. *Id.*, at 603. *See also Ministerio Roca Solida v. Dept. of Fish & Wildlife*, 288 F.R.D. 500, 503-07 (D.Nev. 2013).

The requirement that the court must be convinced that the underlying motion would be granted does not apply to motions which relate to preliminary issues of subject matter jurisdiction, personal jurisdiction, venue, or service of process. A party should not be required to litigate in a forum that lacks subject matter jurisdiction, or personal jurisdiction over him, or where service has not been properly effected. Nor should a party who is immune from suit be forced to litigate an action until the determination of immunity can be made. This does not mean, however, that a stay of discovery should automatically be granted where a motion to dismiss is brought on these grounds. A stay of discovery may still be denied if the court is not persuaded that the motion has a reasonable prospect of success such that discovery should be held in abeyance.

3

1   Based on its preliminary review of the motion to dismiss, the Court finds that there is a
2   substantial dispute whether EcoSteel's principal place of business was relocated from Utah to
3   California prior to the service of the original complaint in September 2012.  Even if the Hudsons
4   moved to California and became citizens of that state prior to the date the original complaint was
5   filed, the court may still have jurisdiction over them pursuant to its ancillary jurisdiction.  While it is
6   possible that Defendants' motion to dismiss will be granted, there is not a sufficient likelihood of
7   that occurring to justify a stay of discovery.  In addition, discovery will be necessary to resolve
8   factual issues relating to subject matter jurisdiction.  The need for some discovery, combined with
9   the doubts regarding the likelihood of dismissal, supports a denial of Defendants' motion to stay.

10   Both parties agree that an extension of discovery is necessary in view of the addition of new
11   claims and parties in the second amended complaint.  They disagree regarding the additional time
12   that will be required. The Court will extend the current deadlines by 120 days.  Accordingly,

13   **IT IS HEREBY ORDERED** that Defendants' Motion to Amend Scheduling Order to Stay
14   Discovery and All Pre-Trial Dates Pending Court's Ruling on Motion to Dismiss Second Amended
15   Complaint for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure
16   12(b)(1) (#208) is **denied** with respect to their request for a stay of discovery pending a decision on
17   the motion to dismiss.

18   **IT IS FURTHER ORDERED** that Defendants' Motion (#208) and Plaintiff's Motion to
19   Amend Scheduling Order (#211) are **granted**, in part, and **denied**, in part with respect to the
20   extension of discovery and the other scheduling deadlines.  The following amended scheduling
21   order dates shall apply:

22   1.   Last date to complete discovery:  **July 5, 2016**

23   2.   Last date to amend pleadings and add parties:  **April 6, 2016**

24   3.   Last date to file interim status report:  **May 6, 2016**

25   4.   Last date to disclose experts pursuant to Fed. Civ. R. 26(a)(2):  **May 6, 2016**

26   5.   Last date to disclose rebuttal experts:  **June 6, 2016**

27   6.   Last date to file dispositive motions:  **August 4, 2016**

28   . . .

4

7.    Last date to file joint pretrial order: **September 6, 2016.** In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.

DATED this 11th day of February, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

5