UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Bermuda Road Properties, LLC, <br><br> Plaintiff <br><br> v. <br><br> EcoLogical Steel Systems, Inc., et al., <br><br> Defendant | 2:12-cv-01579-JAD-GWF <br><br> **Order Denying Application for Default Judgment** <br><br> [ECF No. 290] |

Bermuda Road Properties, LLC moves for default judgment on seven claims against seven defaulted defendants in this action.[1] The *Frow* doctrine precludes me from entering default judgment on four of the claims at this time, one of the claims is really an equitable remedy, and Bermuda has not demonstrated that it is entitled to relief on the other two claims. I therefore deny Bermuda's motion without prejudice.

## Background

Bermuda Road Properties, LLC sues numerous defendants on various claims arising from the alleged misappropriation of $2.1 million that Bermuda paid EcoLogical Steel Systems, Inc. (ESSI) as a down payment for ESSI's construction of a steel building for Bermuda.[2] I granted summary judgment in Bermuda's favor on its first claim seeking a declaration that the Bermuda-ESSI contract is void ab initio.[3] Bermuda's claims against D3DS CSD, LLC have been dismissed with prejudice.[4] And the Clerk of Court entered default against Hudson Family Trust

---

[1] ECF No. 290.

[2] ECF No. 259.

[3] ECF No. 80.

[4] ECF No. 168.

Dated October 29, 2012; EcoSteel Building Systems, Inc.; Steel Buildings, Inc.; Eco Investments, LLC; EcoSteel, LLC; HitplayYoga, LLC; and Northern Steel Investments, LLC.[5]

ESSI and the Hudsons filed voluntary bankruptcy petitions for relief under Chapter 7 of Title 11 of the United States Code in the Central District of California, Santa Ana Division.[6] ESSI's bankruptcy case is still pending;[7] the Hudsons were granted a discharge under the Bankruptcy Code and their bankruptcy case was closed.[8] The automatic stay under 11 U.S.C. § 362 terminated once they were granted a discharge.[9] But a bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover[,] or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived. . . ."[10] The discharge order and resulting injunction is not the final say, however, because Bermuda initiated an adversary proceeding challenging the dischargeability of the Hudsons' alleged debt to it; that adversary proceeding is still pending before the bankruptcy court.[11]

ESSI moved the bankruptcy court for an order confirming that the automatic stay applies to Bermuda's fraudulent-transfer and alter-ego-liability claims in this action or, alternatively, extending the automatic stay to the defaulted defendants.[12] The bankruptcy court denied ESSI's

---

[5] ECF Nos. 287, 288.

[6] ECF No. 254.

[7] *In re EcoLogical Steel Systems, Inc.*, 8:16-bk-11465-TA (C.D. Cal. Apr. 6, 2016) (ESSI BK Case).

[8] *In re Joseph Roland Hudson, III*, 8:16-bk-11462-TA at ECF Nos. 67 (Order of Discharge), 78 (Minute Order Closing Case) (C.D. Cal. Apr. 6, 2016) (Hudson BK Case).

[9] 11 U.S.C. § 362(c)(2)(C).

[10] 11 U.S.C. § 524(a)(2).

[11] *Bermuda Road Properties, LLC v. Joseph Roland Hudson, III*, 8:16-ap-01138-TA (C.D. Cal. May 18, 2016) (adversary proceeding).

[12] ESSI BK Case, ECF No. 12.

motion.[13] The Hudsons filed a similar motion in their bankruptcy case,[14] which was also denied.[15] The bankruptcy court ruled that, while the automatic stay prevents Bermuda from pursuing any judgment against the Hudsons or ESSI, "including alter ego[,]" that stay does not prevent Bermuda from similarly proceeding against the defaulted defendants, and it refused to enjoin this proceeding against them under 11 U.S.C. § 105(a) or otherwise.[16]

## Discussion

Bermuda moves for default judgment against the seven defaulted defendants on: (Claim 2) for a declaration that Joseph R. and Diana L. Hudson and the defaulted defendants are alter egos of ESSI; (Claim 3) unjust enrichment; (Claim 4) aiding and abetting breach of a duty of loyalty; (Claim 5) aiding and abetting breach of a confidential relationship; (Claim 15) alter ego/pierce corporate veil against ESSI, the Hudsons, and the defaulted defendants; (Claim 16) constructive trust; and (Claim 19) fraudulent/intentional misrepresentation.[17]

**A.   The *Frow* doctrine prevents me from entering default judgment against the defaulted defendants on Claims 3–5 and 19 at this time.**

The *Frow* doctrine instructs that, "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."[18] Bermuda alleges that ESSI and the Hudsons are jointly and severally liable with the defaulted defendants on (Claim 3)

---

[13] ESSI BK Case, ECF No. 32.

[14] Hudson BK Case, ECF No. 12.

[15] Hudson BK Case, ECF No. 52.

[16] *Id.* at 5–6 ("As a practical mater, a determination of alter ego status either of this debtor [the Hudsons] and/or [ESSI] is an action to impose liability against the debtor(s) and is already stayed, and supplemental orders such as envisioned in this motion are unnecessary.").

[17] ECF No. 290.

[18] *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).

unjust enrichment, (Claim 4) aiding and abetting the breach of a duty of loyalty, (Claim 5) aiding and abetting the breach of a confidential relationship, and (Claim 19) fraudulent/intentional misrepresentation.[19] Until ESSI's and the Hudsons' liabilities on Claims 3–5 and 19 have been adjudicated, or their liability is discharged under the Bankruptcy Code, default judgment should not be entered against the defaulted defendants on those claims.  I therefore deny Bermuda's motion as to Claims 3–5 and 19 without prejudice to its refiling after these issues have been resolved.

**B.     Bermuda fails to satisfy two key *Eitel* factors for its remaining claims.**

Federal Rule of Civil Procedure 55(b)(2) permits a plaintiff to obtain default judgment if the clerk previously entered default based on a defendant's failure to defend.  After entry of default, the complaint's factual allegations are taken as true, except those relating to damages.[20] "[N]ecessary facts not contained in the pleadings, and claims [that] are legally insufficient, are not established by default."[21]  The court has the power to require a plaintiff to provide additional proof of facts or damages in order to ensure that the requested relief is appropriate.[22]

Whether to grant a motion for default judgment lies within my discretion,[23] which is guided by the seven factors outlined by the Ninth Circuit in *Eitel v. McCool*:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the

---

[19] ECF No. 259 at ¶¶ 95, 103, 112, 231.

[20] *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam); FED. R. CIV. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

[21] *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

[22] *See* FED. R. CIV. P. 55(b)(2).

[23] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

Federal Rules of Civil Procedure favoring decisions on the merits.[24]

A default judgment is generally disfavored because "[c]ases should be decided upon their merits whenever reasonably possible."[25]

### 1. Constructive trust is a remedy, not a claim.

Bermuda argues that it has sufficiently alleged its sixteenth claim for relief seeking the imposition of a constructive trust over the portions of the down payment that the defaulted defendants obtained or what they purchased with that money. A constructive trust is not a stand-alone claim, it is an equitable remedy that redresses unjust enrichment, fraud, or misconduct.[26] Default judgment cannot be entered solely because the plaintiff qualifies for a particular remedy given to enforce a right or obligation.[27] The plaintiff must first demonstrate that it has sufficiently stated a cause of action on which it may recover.[28]

Bermuda alleges unjust enrichment and fraud claims, but those claims cannot be resolved by default judgment until ESSI's and the Hudsons' liabilities have been adjudicated or their alleged debts to Bermuda on those claims have been discharged under the Bankruptcy Code. I therefore deny Bermuda's motion on Claim 16 without prejudice. Bermuda may seek this remedy when it can pursue the claims that give rise to it.

---

[24] *Eitel*, 782 F.2d at 1471–72.

[25] *Id.* at 1472.

[26] *Waldman v. Maini*, 195 P.3d 850, 854–58 (Nev. 2008).

[27] *See Davis v. Passman*, 442 U.S. 228, 239 (1979) ("the question of whether a litigant has a 'cause of action' is analytically distinct and prior to the question of what relief, if any, a litigant may be entitled to receive").

[28] *Id.*

### 2. *Bermuda's factual allegations and evidence are not sufficient to establish the defaulted defendants' alter-ego liability by default.*

What remains are Bermuda's second and fifteenth claims for relief alleging alter-ego liability against the defaulted defendants.[29] "Nevada has long recognized that although corporations are generally to be treated as separate legal entities, the equitable remedy of 'piercing the corporate veil' may be available to a plaintiff in circumstances where it appears that the corporation is acting as the alter ego of a controlling individual."[30] In order to establish alter-ego liability, the plaintiff must demonstrate that (1) the corporation is "influenced and governed by the person asserted to be the alter ego"; (2) there is a "unity of interest and ownership that one is inseparable from the other"; and (3) "adherence to the corporate fiction of a separate entity would, under the circumstances, sanction [a] fraud or promote injustice."[31] Factors that may indicate an alter-ego relationship include: "(1) commingling of funds; (2) undercapitalization; (3) unauthorized diversion of funds; (4) treatment of corporate assets as the individual's own; and (5) failure to observe corporate formalities."[32]

I skip to the second and third *Eitel* factors, which require Bermuda to demonstrate that it has sufficiently stated a claim on which it may recover.[33] It is difficult to get a clear picture of Bermuda's theory of alter-ego liability. Bermuda alleges that the defaulted defendants are the alter egos of the Hudsons and ESSI.[34] It also alleges that the Hudsons are the alter egos of

---

[29] ECF No. 259 at ¶¶ 82–88, 172–184.

[30] *LFC Mktg. Grp., Inc. v. Loomis*, 8 P.3d 841, 845 (Nev. 2000) (citing *McCleary Cattle Co. v. Sewell*, 317 P.2d 957 (Nev. 1957)).

[31] *Id.* at 846–47 (quoting *Polaris Indust. Corp. v. Kaplan*, 747 P.2d 884, 886 (Nev. 1987)).

[32] *Id.* at 847 (citing *Polaris Indust. Corp.*, 747 P.2d at 887).

[33] *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

[34] ECF No. 259 at ¶ 69.

ESSI,[35] and appears to allege that the Hudsons are the alter egos of the defaulted defendants.[36] In any event, Bermuda's allegations alone are not sufficient to establish alter-ego liability against the defaulted defendants. Bermuda alleges the elements of alter-ego liability, but those allegations are conclusions and labels that are not supported by any factual allegations.[37] Bermuda also alleges the factors that may indicate the existence of an alter-ego relationship but those allegations, too, are conclusory and without factual support.[38]

These defects are not cured by the evidence that Bermuda attached to its motion for default judgment. Bermuda identifies eight exhibits (15 and 31–37) as supporting its alter-ego claims against the defaulted defendants.[39] Exhibit 15 is a cancelled check from ESSI to Hitplayyoga, LLC in the amount of $50,000 dated July 10, 2012.[40] Exhibit 31 is two pages from the Hudson Family Trust Dated October 29, 2012, showing that the Hudsons are the trustors,

---

[35] *Id.* at ¶ 88.

[36] *Id.* at ¶¶ 72, 174.

[37] *See id.* at ¶¶ 83 (alleging that ESSI is "solely influenced, dominated, controlled, and governed by its owners [the Hudsons] as well as the [defaulted defendants]"), 84, 176 (alleging that ESSI, the defaulted defendants that the Hudsons "are inseparable from each other through unity of interest and ownership"), 73, 87, 178 (alleging that "[a]llowing the Hudsons to hide behind the corporate fiction of . . . [the defaulted defendants] would sanction fraud and promote manifest injustice").

[38] *See id.* at ¶¶ 69–70, 72, 86, 175, 179, 180(b), (d), (e), (f) (alleging that ESSI, the Hudsons, and the defaulted defendants "shift[ed] funds between themselves . . . without valuable consideration" and "commingled" funds between themselves and that the Hudsons used Bermuda's down payment "to support the operations of the [defaulted defendants]"), 71, 85, 177, 180(a) (alleging that ESSI "is a mere instrumentality of [the Hudsons] and the [defaulted defendants], observing no corporate formalities to maintain its separate existence" and that the defaulted defendants "are mere shells, instrumentalities, and/or conduits for the business of the Hudsons"), 180(c) (alleging that the defaulted defendants and the Hudsons treated ESSI's assets like they were their own).

[39] *Id.* at n.50.

[40] ECF No. 290-2 at 21–22.

grantors, and trustees of that trust.[41] Exhibit 32 is a printout of the business entity details for EcoSteel Building Systems, Inc. from Utah.gov.[42] Exhibit 33 is the same as Exhibit 32 but for Steel Buildings, Inc. and includes a list of registered principals showing Diana Hudson as the secretary, treasurer, director, and registered agent and Joss Hudson as the president.[43] Exhibit 34 is a list of registered principals for Eco Investments, LLC from Utah.gov showing Joseph Hudson as a member.[44] Exhibit 35 is a list of registered principles for EcoSteel, LLC from Utah.gov showing Joseph Hudson is a member of that company and its registered agent.[45] Exhibit 36 is a "Statement of Authorized Person" by the organizer of Hitplayyoga, LLC showing that Diana Hudson was the initial managing member of that company in April 2012.[46] And Exhibit 37 is a printout from sussexcounty.de.gov providing what appears to be general information about property owned in Sussex County, DE, by Northern Steel Contractors, LLC and a Warranty Deed that Joseph Hudson signed as "manager" of Northern Steel Investments, LLC.[47] These bits of evidence are presented in a vacuum and without any explanation or argument from Bermuda, except to say that they are "additional evidence proving the alter ego status of Defendants."[48] Neither together nor individually do these exhibits prove alter-ego liability of the defaulted defendants.

Sufficiently seting forth a claim for alter-ego liability against the defaulted defendants and proving the merits of that claim to my satisfaction are two key *Eitel* factors that weigh heavily

---

[41] ECF No. 290-4 at 1–3.

[42] *Id.* at 4–5 (handwritten notations call attention to parts of this exhibit without explanation).

[43] *Id.* at 6–8 (handwritten notations call attention to parts of this exhibit without explanation).

[44] *Id.* at 9–10 (handwritten notations call attention to parts of this exhibit without explanation).

[45] *Id.* at 11–12 (handwritten notations call attention to parts of this exhibit without explanation).

[46] *Id.* at 13–14.

[47] *Id.* at 15–17.

[48] ECF 290 at 15:20–21.

against entering default judgment on Bermuda's claim for alter-ego liability against the defaulted defendants.  I do not address the remaining *Eitel* factors because I would decline to exercise my discretion to enter default judgment even if those other factors favored default judgment.  I therefore deny Bermuda's motion on Claims 2 and 15 for alter-ego liability without prejudice.  Bermuda may renew its motion as to these claims, but I caution that it will need to amend its complaint to allege facts supporting the elements of these claims or provide additional evidentiary support and analysis of the evidence.  I also caution that default judgment solely on the issue of alter-ego liability will not entitle Bermuda to a monetary award against the defaulted defendants—an actual claim must be proven.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Bermuda's motion for entry of default judgment against the Hudson Family Trust Dated October 29, 2012; EcoSteel Building Systems, Inc.; Steel Buildings, Inc.; Eco Investments, LLC; EcoSteel, LLC; HitplayYoga, LLC; and Northern Steel Investments, LLC **[ECF No. 290]** is **DENIED**.

DATED: March 1, 2017.

_____
Jennifer A. Dorsey
United States District Judge